IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMI HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 18-0147-TFM-MU |
| ) | |
| FACEBOOK, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss and/or Transfer filed by Defendant Facebook, Inc. ("Facebook") (Doc. 21), Facebook's Memorandum in Support of Motion to Dismiss and/or Transfer (Doc. 22), Plaintiff's Opposition to Second Motion for Extension of Time and to Dismiss or Transfer (Doc. 24), and Facebook's Reply in Support of Motion to Dismiss and/or Transfer (Doc. 25). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that Defendant Facebook, Inc.'s motion to dismiss be **GRANTED.**

## I. FACTUAL ALLEGATIONS

On March 29, 2018, Plaintiff filed her *pro se* complaint against Facebook alleging copyright infringement arising from Facebook's alleged unauthorized public display of copyrighted images and video that were owned and/or registered by her. (Doc. 1 at p. 1). In her complaint, Plaintiff alleges that this Court has personal jurisdiction over Facebook because it "conducts business transactions in Mobile county [sic], Alabama

and the causes of action arose, in part, in Mobile county [sic], Alabama." (*Id*.). Plaintiff alleges that she is an inventor and entrepreneur with a usual place of business in Mobile, Alabama, and that Facebook is a Delaware corporation with its principal place of business in Menlo Park, California. (*Id*. at p. 2). Plaintiff further alleges that "Facebook regularly and continuously does business in the State of Alabama" and, "in 2011, it was reported Facebook has 2 million users in the State of Alabama." (*Id*. at p. 3).

In support of her cause of action against Facebook, Plaintiff alleges that she is the sole owner of certain copyrighted images and videos that Plaintiff and her agent placed on Plaintiff's Facebook page or pages. (*Id*. at pp. 2-3). According to Plaintiff, at some point in or about 2016, she was not able to log on and manage her pages that contained the copyrighted materials and, therefore, in November of 2016, she demanded that Facebook remove all content on her pages. (*Id*.). However, according to Plaintiff's complaint, "Facebook continues to unlawfully publicly display the unauthorized work." (*Id*. at p. 4). Plaintiff alleges that this act constitutes copyright infringement and seeks recovery of monetary damages arising from the alleged infringement. (*Id*. at pp. 4-6).

## II. STANDARD OF REVIEW

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Future*

*Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.... [W]here the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). If the defendant puts forth facts by affidavit showing that personal jurisdiction is lacking, the plaintiff is required to produce evidence rebutting the defendant's showing to avoid dismissal. *See Polskie Linie Oceaniczne v. Seasafe Transp. A/S,* 795 F.2d 968, 972 (11th Cir. 1986).[1] "[T]he plaintiff's burden is to present enough evidence, construed most favorably to [her], to withstand a motion for directed verdict." *Beasley v. Providence Hosp.*, Civ. A. 18-0004-WS-M, 2018 WL 2994380, *2 (S.D. Ala. June 13, 2018) (citing *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006)).

### III. CONCLUSIONS OF LAW

As its first ground seeking dismissal of Plaintiff's claim, Facebook asserts that this Court lacks personal jurisdiction. "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by state amenability standards, or the long-arm statute." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855

---

[1] It is within the district court's discretion to hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1317 (11th Cir. 2008). In this case, the Court does not believe an evidentiary hearing is necessary or would be beneficial; therefore, the Court exercises its discretion to not conduct one.

(11th Cir. 1990). Since there is no service of process provision for copyright statutory violations, Rule 4(e) requires the Court to determine this issue under Alabama's long-arm statute. *See id.* at 856. The limits of long-arm jurisdiction under Alabama's long-arm statute are coextensive with due process under federal law; therefore, the Court need only consider whether its exercise of personal jurisdiction over Facebook in this case comports with the Due Process Clause of the Fourteenth Amendment. *See Vascular Ventures, LLC v. American Vascular Access, LLC, C*iv. A. No. 16-00481-KD-B, 2016 WL 7471642, *7 (S.D. Ala. Dec. 7, 2016) (citing Ala. R. Civ. P. 4.2; *Frye v. Smith*, 67 So. 2d 882, 892 (Ala. 2011)).

The bounds of jurisdiction over a non-resident defendant are in accord with due process if the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Since *International Shoe*, two categories of personal jurisdiction have arisen: general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984).

"General personal jurisdiction arises 'when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts.'" *HomeBingo Network, Inc. v. Chayevsky,* 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006) (quoting *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (citations omitted); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003)). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all

claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (citation omitted). "A defendant is constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1545 (11th Cir. 1993) (quoting *Int'l Shoe*, 326 U.S. at 316). The non-resident defendant's contacts must meet three criteria to constitute sufficient minimum contacts with the forum:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum …, thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."

*Id.* at 1456 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)) (internal citations omitted).

"The 'paradigm' forums in which a corporate defendant is 'at home' …are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Facebook is a Delaware corporation with its principal place of business in

5

Menlo Park, California. (Doc. 1 at p.2). The exercise of general personal jurisdiction over Facebook outside of Delaware or California is permissible only "in an 'exceptional case,'" when its operations in another state "'may be so substantial and of such nature as to render [Faebook] at home in that State.'" *BNSF*, 137 S. Ct. at 1558 (quoting *Daimler AG*, 571 U.S. at 139 n.19) (holding that a national railroad company was not subject to general jurisdiction in Montana even though it had "over 2,000 miles of track and more than 2000 employees" in the state because those contacts were small compared to the companies activities throughout the country); *see also Daimler AG,* 571 U.S. at 139 n.20 (noting that "[a] corporation that operates in many places can scarcely be deemed at home in all of them").

Facebook, an internet-based social networking platform, is accessible anywhere in the United States where there is an internet connection and residents of all fifty states, including Alabama, have set up Facebook accounts, and advertisers in all fifty states have posted advertisements that appear on Facebook's desktop and mobile platforms. (Doc. 22-1 at p. 2). Facebook has over 27,000 employees worldwide, but has no employees in the State of Alabama. (*Id*.). It has no offices in Alabama and has not had any bank accounts in Alabama. (*Id*.). On May 30, 2018, two months after Plaintiff filed her complaint, a subsidiary of Facebook acquired land in Huntsville, Alabama that is currently vacant. (*Id*.). Facebook owns no property in Alabama. (*Id*.). Plaintiff has not rebutted any of the foregoing evidence. The Court finds that these facts do not present an "exceptional case" and, rather, demonstrate that Facebook is not "essentially at home" in Alabama. *See, e.g., Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 960 (N.D. Ohio 2018) (finding that Facebook's maintenance of an internet site that is

Menlo Park, California. (Doc. 1 at p.2). The exercise of general personal jurisdiction over Facebook outside of Delaware or California is permissible only "in an 'exceptional case,'" when its operations in another state "'may be so substantial and of such nature as to render [Faebook] at home in that State.'" *BNSF*, 137 S. Ct. at 1558 (quoting *Daimler AG*, 571 U.S. at 139 n.19) (holding that a national railroad company was not subject to general jurisdiction in Montana even though it had "over 2,000 miles of track and more than 2000 employees" in the state because those contacts were small compared to the companies activities throughout the country); *see also Daimler AG,* 571 U.S. at 139 n.20 (noting that "[a] corporation that operates in many places can scarcely be deemed at home in all of them").

Facebook, an internet-based social networking platform, is accessible anywhere in the United States where there is an internet connection and residents of all fifty states, including Alabama, have set up Facebook accounts, and advertisers in all fifty states have posted advertisements that appear on Facebook's desktop and mobile platforms. (Doc. 22-1 at p. 2). Facebook has over 27,000 employees worldwide, but has no employees in the State of Alabama. (*Id*.). It has no offices in Alabama and has not had any bank accounts in Alabama. (*Id*.). On May 30, 2018, two months after Plaintiff filed her complaint, a subsidiary of Facebook acquired land in Huntsville, Alabama that is currently vacant. (*Id*.). Facebook owns no property in Alabama. (*Id*.). Plaintiff has not rebutted any of the foregoing evidence. The Court finds that these facts do not present an "exceptional case" and, rather, demonstrate that Facebook is not "essentially at home" in Alabama. *See, e.g., Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 960 (N.D. Ohio 2018) (finding that Facebook's maintenance of an internet site that is

accessible in Ohio and has numerous Ohio users does not constitute sufficient contacts to support the exercise of general jurisdiction by an Ohio court). Therefore, the Court concludes that it lacks general jurisdiction over Facebook.

As discussed above, the plaintiff must show that the non-resident defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities" in order for the Court to exercise specific jurisdiction over the non-resident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations omitted). While the Eleventh Circuit does not use "mechanical or quantitative" tests to determine relatedness, it has held that "the causal nexus between the tortious conduct and the purposeful contact must be such that the out-of-state resident will have 'fair warning that a particular activity will subject [it] to the jurisdiction of a foreign sovereign ….'" *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009) (quoting *Burger King*, 471 U.S. at 472 (citation omitted; alteration in original). "The defendant's contacts with the forum must be related to the 'operative facts of the controversy.'" *Smarter Every Day, LLC v. Nunez*, Case No. 2:15-cv-01358-RDP, 2017 WL 1247500, *3 (N.D. Ala. Apr. 5, 2017) (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 n.3 (11th Cir. 2008)).

In this case, the alleged wrongful activity conducted by Facebook is its failure to delete certain material from a Facebook page that was established and maintained by Plaintiff and/or her agent. Plaintiff has not alleged that this activity (or failure to act) took place in Alabama and has not offered evidence to rebut Facebook's evidence that shows that it has no employees or offices in Alabama. Plaintiff's allegations that Facebook failed to delete content that she or her agent, who happen to be residents of

Alabama, posted on her Facebook page fail to show "with reasonable particularity any specific conduct …by [Facebook] that would support an exercise of specific jurisdiction" in Alabama. *See Georgalis*, 324 F. Supp. 3d at 961. This Court agrees with other courts that have held that "personal jurisdiction over Facebook may not exist simply because a user avails [her]self of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business." *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016); *see also Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) (finding that, because the plaintiff did not allege that Facebook targets its alleged biometric collection activities solely at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook).

In her complaint, Plaintiff alleges that this Court has personal jurisdiction over Facebook because it "conducts business transactions in Mobile county [sic], Alabama and the causes of action arose, in part, in Mobile county [sic], Alabama." (*Id*.). To support these blanket assertions, Plaintiff alleges that she is an inventor and entrepreneur with a usual place of business in Mobile, Alabama, and that Facebook is a Delaware corporation with its principal place of business in Menlo Park, California. (*Id*. at p. 2). Plaintiff further alleges that "Facebook regularly and continuously does business in the State of Alabama" and, "in 2011, it was reported Facebook has 2 million users in the State of Alabama." (*Id*. at p. 3). Plaintiff has not offered any evidence to rebut Facebook's showing that it has no offices, employees, property, or bank accounts in Alabama. Plaintiff here simply has not shown the requisite causal nexus between Facebook's alleged conduct and any purposeful contact Facebook has with the state of

8

Alabama that would give it "fair warning" that it could be haled into court in the state of Alabama. Without making such a showing, Plaintiff has failed to establish that this Court has specific jurisdiction over Facebook in this case.

## IV. CONCLUSION

For the reasons stated above, the Court finds that this Court lacks personal jurisdiction over Defendant Facebook, Inc., in this action. It is therefore **RECOMMENDED** that Defendant's motion to dismiss (Doc. 21) be **GRANTED** and that Plaintiff's action be dismissed, without predudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **17th** day of **January, 2019**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE